# IN THE COURT OF APPEALS OF IOWA

No. 24-1284
Filed July 23, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SEAN CHRISTOPHER BRIGHT,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Valerie L. Clay, Judge.


        A criminal defendant appeals his conviction for possession of a firearm as a felon. **AFFIRMED.**


        Des C. Leehey of Cameron Leehey Law Firm, PLLC, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

Sean Bright appeals his conviction for felon in possession of a firearm, a class "D" felony in violation of Iowa Code section 724.26(1) (2022). He stipulated to his prior felony conviction at trial, and his sole claim on appeal is that there was insufficient evidence he possessed guns found in his "man cave." We affirm.

**Background Facts and Proceedings.** A federal task force that included state officers received a tip from an informant that Bright was a felon, a drug user, and possessed firearms and ammunition. Among other details, the informant told police the guns were in Bright's "man cave." Officers obtained a search warrant, searched Bright's home, and found guns and ammo where the informant said they would be. Bright's wallet, containing his identification, was found on a desk nearby.

Bright wasn't home when officers executed the warrant, but his wife Tara and their dog Church were. When the officers asked, Tara admitted there were guns and ammo in the house, and that they were downstairs. She appeared scared and said Bright would "blame" her for the search. In contrast to Bright's wallet in the basement, officers did not find anything downstairs belonging to Tara.

Tara testified for the State at trial and described Bright's basement "man cave." She testified that the guns and ammo police found did not belong to her; they belonged to Bright. She recalled witnessing Bright "handle" each of those guns: "He took them out and put them in [the safe]. He cleaned them guns. He handled them. He shot them." And she agreed the guns were "under [Bright]'s control" and that he "possessed" them. Tara also admitted in her testimony to lying under oath and deceiving police in the past—both times to protect her husband.

DNA testing on the guns was inconclusive. But the previous owner of one of the guns testified that he sold it to Bright.

**Standard of Review.** We review sufficiency claims for correction of errors at law. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "The jury's verdict binds this court if . . . supported by substantial evidence." *Id.* "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted). We do not re-weigh credibility or believability. *See State v. Hernandez*, 20 N.W.3d 502, 507–08 (Iowa Ct. App. 2025) (en banc).

**Discussion.** Bright argues he was entitled to judgment of acquittal because the guns may have belonged to Tara. He specifically highlights the lack of legal documents showing transfer of title, the lack of DNA or fingerprints, and the lack of photographs showing he possessed the weapons. But the jury was free to credit Tara's testimony that the guns belonged to Bright; that he possessed, handled, and used them; and that they were under his control and in his possession. And Tara's testimony was at least circumstantially supported by the guns being found in Bright's "man cave" near his wallet and by the testimony of a gun's previous owner. While Bright may have wished the jury disbelieved Tara, that is no basis for reversal. *See id.* We find substantial evidence supports the jury finding Bright actually or constructively possessed the guns. *See State v. Maxwell*, 743 N.W.2d 185, 193–95 (Iowa 2008).

**AFFIRMED.**